IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM COLLINS, # B-87842, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-801-MJR |
| | ) |
| CHRIS SMITH and | ) |
| CHRISTOPHER KAUFMAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

  Plaintiff, currently incarcerated at Shawnee Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arise from events that took place prior to his incarceration. Plaintiff alleges that on July 16, 2010, while Plaintiff was driving through Cairo, Illinois, Defendants Smith and Kaufman (both Alexander County, Illinois, police officers) conducted a traffic stop on his vehicle which was not supported by probable cause (Doc. 1, p. 5). The resulting warrantless arrest "turned a routine traffic stop into a drug investigation," and led to the drug-trafficking conviction for which Plaintiff is now serving a 27-year sentence. Plaintiff asserts that Defendants made numerous false statements, gave perjured testimony, and colluded with the judge and state's attorney to convict him. Plaintiff seeks monetary damages, disciplinary action against Defendants, and "further review" of the criminal convictions based upon Defendants' conduct (Doc. 1, p. 6).

  Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After a thorough examination of the complaint, the Court finds that this

action is subject to summary dismissal pursuant to § 1915A.

Plaintiff's claim for damages on the basis of an allegedly unconstitutional traffic stop and arrest, which led to his conviction, cannot be addressed in the context of a § 1983 action. A plaintiff may only recover damages for an allegedly unconstitutional conviction after first proving that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has made no such showing. *Heck* directs that if a § 1983 judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," the claim must be dismissed. This is exactly the situation presented by Plaintiff's complaint.

The *Heck* court noted that in some cases, a civil rights action based on an illegal search could proceed without necessarily undermining the validity of a conviction – for instance, if the incriminating evidence could have been obtained through an independent source or by inevitable discovery. *Heck*, 512 U.S. at 487 n.7. However, this exception to the *Heck* doctrine is not applicable under the circumstances of this case. Plaintiff contends that the original traffic stop was unconstitutional. The ensuing search was the only reason the drugs were found. The complaint discloses no likelihood that the evidence could have been obtained by other independent means, or that Plaintiff could still have been convicted of the drug offense if the traffic stop were found to be illegal. If Plaintiff were to succeed in challenging the search, and render the evidence unusable, his conviction could not stand. *See Ballenger v. Owens*, 352 F.3d 842, 847 (4th Cir. 2003); *Bell v. Gajevic*, 2009 WL 4927724 at *3 (E.D. Wis. 2009). Thus, the instant action is barred by *Heck*.

Plaintiff does not indicate what challenges he may have raised to his arrest and conviction in the context of his state criminal proceeding.  Even if he has fully exhausted all his available state appeals and post-conviction challenges, he still may not maintain a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck*, 512 U.S. at 489.

Plaintiff may challenge his conviction in a federal habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts.  Ordinarily, this will involve raising every issue at trial or in a post-conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.

**Disposition**

For the reasons stated above, this action is **DISMISSED** for failure to state a claim upon which relief may be granted.  However, the dismissal is without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

Plaintiff is advised that the dismissal of this action shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*,

133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  August 29, 2012**

                                                _/s/ Michael J. Reagan_
                                                Michael J. Reagan
                                                United States District Judge

Case 3:12-cv-00801-MJR   Document 8   Filed 08/29/12   Page 4 of 4   Page ID #21